**YAN FANG WU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondents.**

**No. 05–6507–ag.**

United States Court of Appeals, Second Circuit.

Aug. 23, 2006.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney, Karin B. Hoppmann, Judy K. Hunt, Assistant United States Attorneys, Appellate Division, Tampa, Florida, for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Yan Fang Wu, a native and citizen of China, seeks review of a November 25, 2005 order of the BIA affirming the May 5, 2004 decision of Immigration Judge ("IJ") Alan A. Vomacka denying petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yan Fang Wu*, No. A 97 385 317 (B.I.A. Nov. 25, 2005), *aff'g* No. A 97 385 317 (Immig. Ct. N.Y. City May 5, 2005).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

Regardless of the merits of the IJ decision, petitioner never challenged the IJ's discretionary denial of asylum before the BIA. Nothing in petitioner's notice of appeal or brief to the BIA even obliquely mentions the IJ's discretionary decision to deny her asylum. Therefore, we will not review the IJ's decision discretionarily denying Wu asylum. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1). Moreover, the Government correctly argues that a review of the IJ's alternative ground for denying asylum would be futile. *See Cao He Lin*, 428 F.3d at 401 (stating that remand is not required when the IJ also rests her determination on an acceptable independent basis). Substantial evidence supports the IJ's adverse credibility finding, and thus justified the IJ's denial of her withholding of removal claim.

The IJ found that the evidence in the record suggests that Wu does not have a real risk of being tortured. The IJ's finding is reasonable. The report cited by Wu in her brief does not suggest that an individual in Wu's position, someone who left China without permission, is more likely than not to be tortured. As a result, the IJ's finding denying her CAT claim is supported by substantial evidence in the record.

Wu argues that the BIA's "Summary Denial of Appeal" did not meet the 8 C.F.R § 1003.1(e)(4) standard for a decision without an opinion and was inappropriate and violated her constitutional rights to a meaningful appeal. We have already rejected this challenge to the BIA's streamlining procedures. *Yu Sheng Zhang*, 362 F.3d at 160. This Court lacks jurisdiction to review a BIA member's decision to resolve a particular appeal unilaterally, and without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4), rather than referring it to a three-member panel. *Kambolli v. Gonzales*, 449 F.3d 454, 463 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.